OPINION OF THE COURT
Ethel B. Danzig, J.
Plaintiff Ruth Hacker moves this court to punish defendant Seymour Hacker for contempt of court for willfully disobeying a judgment of this court which incorporates a separation agreement between the parties — particularly those portions which require the payment of child support — and for failing to post security as ordered by this court. Plaintiff further seeks permission to enter judgment against the defendant in the sum of $6,600 together with interest, costs and disbursements *820 and for an assessment of reasonable counsel fees for the defendant’s failure to obey the prior mandates of this court.
That portion of plaintiff's motion which seeks to punish defendant for contempt for failing to satisfy prior money judgments entered by plaintiff relating to arrears in child support is denied, defendant having annexed to his opposition papers documentation showing that these judgments have been paid in full and that satisfactions of judgment have been received and filed by this court.
Defendant was also directed by order of the Honorable Stanley S. Ostrau dated August 27, 1985 to post a surety bond in the sum of $5,000 to insure future compliance with his child support obligations. This bond was admittedly never filed. However, any judgment for arrears in child support that this court may grant on this motion will necessarily be the last such possible judgment, since it covers the time period up to and including the daughter’s emancipation. Accordingly, to direct the defendant to file a bond at this time would serve no purpose. In addition, it appears to this court that plaintiff’s main concern here is the issue of the child support payments and not the pursuit of the issue of contempt.
Accordingly, that portion of the motion seeking to hold defendant in contempt is denied.
Plaintiff further seeks leave to enter a judgment against the defendant in the sum of $6,600 which she claims represents 44 weeks of child support for the period November 2, 1984 through October 2, 1985 at $150 per week which remains unpaid. There is no dispute between the parties that any obligation defendant may have had to pay child support for the parties’ daughter Emily definitely terminated on October 2, 1985, the date of Emily’s 22nd birthday, in accordance with the terms of article III, subdivision 2 of the parties’ separation agreement. This section provides, in relevant part, that: "an Emancipation event shall be deemed deferred beyond the twenty-first (21) birthday of a Child only if, and so long as a Child pursues college education with reasonable diligence and on a normally continuous basis, and in no event beyond the twenty-second (22) birthday of a Child.” (Emphasis supplied.)
The real dispute here focuses upon whether or not Emily’s attendance at the Neighborhood Playhouse located at 340 East 54th Street, New York, New York, constituted the pursuit of a college education as contemplated by the separation agreement.
*821 Defendant claims that Emily’s attendance at the Neighborhood Playhouse — a professional acting school — can in no way be considered equivalent to the pursuit of a college education within the meaning and intent of the parties under the agreement, and, therefore, that he was not obligated to pay child support for the period from September 1984 through October 2, 1985 while Emily was attending classes there. He points out that he, nonetheless, paid Emily’s tuition at the Neighborhood Playhouse which was not required by the separation agreement, in order to "encourage the artistic development of [his] child”, but that he was not obligated to pay child support to the plaintiff for this period of time. Moreover, defendant seeks a refund of $1,200 in child support for the eight-week period from September 2, 1984 through November 2, 1984 during which he made payments and when, he claims, Emily’s attendance at the Neighborhood Playhouse "was carefully concealed from [him].”
Plaintiff argues that the Neighborhood Playhouse is a recognized school for the pursuit of theatrical training and is approved by the New York State Education Department. She annexes a copy of the school’s bulletin to her papers and points to the requirements that a student be 18 and be a high school graduate or its equivalent as evidence that the Playhouse tracks the age and prior educational requirements of a college.
Plaintiff further contends that Emily was interested in acting at a very early age, while she and the defendant were still living together, and that it was envisioned that Emily would try to pursue an acting career through educational and other means. She argues, therefore, that it was her intention and, she believes, the intention of her former husband when signing the separation agreement that the provision in issue would "provide for the support of [our] children should they determine to go on to study education at any level.”
Neither party nor the court has been able to find much legal treatment of the term "college”. Education Law § 2 (2) defines the term "college” to include "universities and other institutions for higher education authorized to confer degrees” (emphasis supplied). In the case of Matter of Kelly (285 NY 139, 141-142), Chief Judge Irving Lehman, writing the majority opinion, found that "The word 'college’ is not a word of art which, by common understanding, has acquired a definite, unchanging significance in the field of education. Its meaning *822 varies with its context. Though at times it is used to denote any institution of higher learning, including institutions for professional or post-graduate study, it is frequently used, perhaps I should say ordinarily used, in this country, to denote an 'undergraduate’ school for instruction in liberal arts having a course of study commonly requiring four years for completion and leading to a bachelor’s degree.” (Emphasis supplied.)
Plaintiff annexed to her papers definitions of the term "college” from Black’s Law Dictionary and the American College Dictionary published by Random House. While she quotes from part of the Black’s definition in her affidavit, she fails to address the other portion of the definition which states in relevant part: "In the most common use of the word, it designates an institution of learning (usually incorporated) which offers instruction in the liberal arts and humanities and in scientific branches, but not in the technical arts or those studies preparatory to admission to the professions.” (Black’s Law Dictionary, at 329 [revised 4th ed]; emphasis supplied.)
It appears from the brochure that the Neighborhood Playhouse fits into the category of an institution which offers instruction "in the technical arts or those studies preparatory to admission to the professions”, which Black’s specifically excludes under its definition of college.
In brief, it does not appear that the common definition of the term "college” has changed much since Judge Lehman spoke for the Court of Appeals in 1941. While the Neighborhood Playhouse is no doubt a well-recognized school with a distinguished faculty training its students in the theatre arts, it does not lead to a degree, which appears to be a significant factor in the definitions of the term "college”. Thus, after much deliberation, this court finds that the Neighborhood Playhouse is not a "college” as contemplated by the terms of the parties’ separation agreement.
Emily attended several institutions since her graduation from high school, including UCLA for a short time and the Neighborhood Playhouse. There is no dispute that Mr. Hacker paid Emily’s tuition at these schools so that she could pursue her chosen field of study. However, during the time she attended the Neighborhood Playhouse, she was not pursuing a "college education”, and, therefore, defendant was not required to pay child support for the period from September 1984 through October 2, 1985.
*823 Therefore, plaintiffs motion to enter judgment against defendant for arrears in child support for the 44-week period from November 2, 1984 through October 2, 1985 is denied. Based on the court’s finding herein, plaintiffs motion for attorney’s fees is also denied. Further, this court finds that defendant is entitled to a refund of $1,200 for child support payments he made to plaintiff for the eight-week period from September 2, 1984 through November 2, 1984 when Emily was attending the Neighborhood Playhouse.